UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ERIC NEAL | § | |
| Plaintiff, | § | |
| | § | |
| | § | Case No. 1:25-cv-11777-IT |
| Vs | § | |
| | § | |
| VALERIE MCGILVREY | § | |
| Defendant, | § | |

DEFENDANT'S COUNTERCLAIM FOR DEFAMATION, INVASION OF PRIVACY,
COPYRIGHT INFRINGEMENT & ANSWER TO COMPLAINT

COUNTERCLAIM

A. Parties

1.  Defendant (Counter-Claimant). Valerie McGilvrey, an individual residing at
    12100 Melville Dr #804, Montgomery, TX 77356.

2.  Plaintiff (Counter-Defendant). Eric Neal, an individual residing at 188 Boston St,
    Middleton, MA 02125, and the operator of the YouTube channel "THE SKIP TRACER."
    (HTTP://youtube.com/theskiptracer)

B. Jurisdiction and Venue

3.  This Court has federal-question jurisdiction under 28 U.S.C. § 1331 because the
    counterclaim arises under the Copyright Act, 17 U.S.C. §§ 106 and 501.

4.  Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the alleged
    infringement occurred on the Internet, which is deemed to be "within" this District
    for purposes of venue.

1

C. Statement of Facts

1. On or about May 3, 2022, Valerie McGilvrey voluntarily provided Eric Neal with two audio recordings of the private conversation between Mark Aguirre and Valerie McGilvrey, and the second between Rickey Gurley and Valerie McGilvrey.

2. Eric Neal never obtained the consent of either party to reproduce, distribute, or publicly display the recordings.

3. Despite Defendant, Valerie McGilvrey having not granted permission to publish or distribute the telephone call recordings, Plaintiff uploaded the recording to his YouTube channel "THE SKIP TRACER" on or about May 5, 2025 (Video J-S4a6WZDuY, and video mdYicu0GkII) and later reposted it in additional livestreams and videos, titled, "PI Shares Damning Recording!"

4. In the YouTube video titled, "PI Shares Damning Recording!" broadcasted on May 4, 2025, (https://www.youtube.com/watch?v=O02LbDZ3MwA&t) Timestamp: 00:00-5:20, Eric Neal, Defendant, displays the email which Plaintiff sends him one audio recording and there is no text in the body of the email. The email shows only one attachment, the telephone call recording belonging to Valerie McGilvrey. In the content of this same video, both telephone recordings are played again in an effort to defame, harass, and maliciously blackmail the Plaintiff into removing posts about Eric Neal.

5. A third video exists in "The Skip Tracer" YouTube channel with an unlisted link titled "Recording #1" that may also be an audio recording belonging to Valerie McGilvrey that was published without her permission.

6. The audio is used in various videos where Eric Neal defames, harasses and invades Valerie McGilvrey's privacy.
   https://x.com/toomuchintel/status/1919279345689858531
   https://x.com/toomuchintel/status/1919279346914586720
   https://www.youtube.com/watch?v=J-S4a6WZDuY (Mark Aguirre and Valerie McGilvrey telephone recording)
   https://www.youtube.com/watch?v=mdYicu0GkII (Rick Gurley and Valerie McGilvrey audio recording)

7. Plaintiff has sent password resets to Valerie McGilvrey's social media accounts and in one instance, wrote about it on X. The post was made less than 60 seconds after the password reset attempt was received in email.

8. Plaintiff also distributed private documents to third parties, including a Dropbox folder containing Defendant's personal documents (driver's license, Social Security number, vehicle registration). A video recording was made showing the link provided to Valerie McGilvrey in Facebook Messenger and then navigating to the Dropbox that shows Eric Neal as the owner and opens the file which displays documents with sensitive information. This link was freely distributed on social media by Eric Neal and his associates.

9. The unauthorized dissemination has caused Defendant extreme emotional distress, reputational harm, and ongoing privacy violations.

10. Eric Neal obtained Valerie McGilvrey's calls to the Montgmery County Sheriff's Office using a Freedom of Information Act Request and obtain calls that were unredacted. In the calls Valerie McGilvrey says her name, address and cell phone number.

11. In one call she gives a report of a dangerous narcotics dealer's current activity providing his real name, vehicle and times he lives and arrives back. This information places Valerie McGilvrey in danger for her life and despite reports to the social media platforms, the content has not been removed.

12. Currently audio recordings of Valerie McGilvrey to her local law enforcement are published on Eric Neal's X timeline.

    https://x.com/toomuchintel/status/1925380434847772766
    https://x.com/toomuchintel/status/1925380436718452898
    https://x.com/toomuchintel/status/1925375536919978412
    https://x.com/toomuchintel/status/1925374974245617915
    https://x.com/toomuchintel/status/1925374038722986253
    https://x.com/toomuchintel/status/1925367757408702896
    https://x.com/toomuchintel/status/1925367698130653627
    https://x.com/toomuchintel/status/1925367649120203089
    https://x.com/toomuchintel/status/1925367605088444732
    https://x.com/toomuchintel/status/1925367605088444732

D. Causes of Action

Count I – Copyright Infringement (17 U.S.C. §§ 106, 501).

10. Defendant is the exclusive owner of the copyrighted phone call audio recordings.

3

11. Playing an entire video or audio without permission that is more than one minute long is not considered Fair Use.

12. Plaintiff reproduced, distributed, and publicly performed the recording without Defendant's permission, thereby violating Defendant's exclusive rights.

13. Plaintiff's conduct constitutes "willful" infringement because he knowingly posted the material after being informed that no consent existed. Plaintiff displayed the email in which one phone recording was provided to him.

14. Eric Neal, Defendant, blatantly lied when he filed his counter claim with YouTube stating the following:

"The claimant (by email) voluntarily provided me with the recording on May 7, 2022 at 3:37am (EST) and granted permission for it to be posted publicly. The removal of my video was therefore a mistake. I swear, under penalty of perjury, that I have a good faith belief the material was removed or disabled as a result of a mistake or misidentification. I consent to the jurisdiction of the Federal District Court for the judicial district in which my address is located, and I will accept service of process from the claimant. I swear, under penalty of perjury, that I have a good faith belief the material was removed due to a mistake or misidentification of the material to be removed or disabled. I consent to the jurisdiction of the Federal District Court for the district in which my address is located, or if my address is outside of the United States, the judicial district in which YouTube is located, and will accept service of process from the claimant. Eric Neal Eric Neal 91 Main St Ste 2 Plaistow, NH 03865 United States enskiptracer@gmail.com (978) 267-7291"

And,

15. "Display name of uploader: The Skip Tracer

This is a case of mistaken removal. The claimant voluntarily provided me with the recording in May 2022 and granted permission for it to be posted publicly. The video is also protected under the Fair Use Doctrine, 17 U.S.C. § 107, for purposes of news reporting and public interest. The removal of my video was therefore a mistake. I swear, under penalty of perjury, that I have a good faith belief the material was

removed due to a mistake or misidentification of the material to be removed or disabled. I consent to the jurisdiction of the Federal District Court for the district in which my address is located, or if my address is outside of the United States, the judicial district in which YouTube is located, and will accept service of process from the claimant. Eric Neal Eric Neal 91 Main St. Ste 2 Plaistow, NH 03865 United States enskiptracer@gmail.com (978) 267-7291"

Count II – Invasion of Privacy (Mass. Gen. Laws ch. 214, § 1B)

15. The public disclosure of Defendant's private facts—her name, address, phone number, and personal conversations—constitutes "substantial or serious interference" with her privacy, a recognized tort under Massachusetts law.

16. Valerie McGilvrey did not waive her right to expectation of privacy. Instead Eric Neal used the recorded calls to law enforcement to create malicious, humiliating, and targeted harassment against Valerie McGilvrey causing her extreme anguish and emotional distress.

17. Eric Neal, Plaintiff, threatened Valerie McGilvrey and her employer that he was going to report her to the state of Texas for talking to a sex offender that he didn't like on a social media platform.

18. Eric Neal, Plaintiff, uses Valerie McGilvrey's images in thumbnails on his videos as a continuation of an invasion of privacy and to publicly humiliate her by identifying her. When privacy claims are done they're disputed and her images are rarely removed by the platforms.

Count III – Defamation

19. Eric Neal brandishes Valerie McGilvrey as a liar when she is making factual statements in live broadcasts on YouTube, X, and Facebook which are simulcast using platform services such as StreamYard and Restream.

20. Plaintiff, Eric Neal, falsely stated that Valerie McGilvrey was illegally selling credit reports to private investigators. Stated that he allowed officials from a credit bureau

into his professional group on Facebook and after he befriended said official, Valerie McGilvrey was terminated from the credit bureau access.

21. Eric Neal, Plaintiff, falsely stated that Valerie McGilvrey distributed his social security number to hundreds of people.

22. Plaintiff, Eric Neal, falsely stated that Valerie McGilvrey filed a Motion to Object to Extension to Serve and deceptively displayed a photo of the styling without the title of the motion was, "Motion for Extension to File an Answer." A response from a viewer wrote that Valerie McGilvrey was a "creep".

23. On September 20, 2025, Valerie McGilvrey was served with process by Eric Neal's process server who secretly recorded her conducting a private class. The recording was turned over to the Plaintiff and he posted it to social media and in a live broadcast falsely claimed that Valerie McGilvrey was, "Pissed" which was untrue.

24. Eric Neal, Plaintiff, previously hired a Fiverr gig by the username BlackMagicSEO to take sections of a training video created by Valerie McGilvrey and marked it up with defaming comments to distribute in hundreds of places on the internet. BlackMagicSEO admitted his actions and agreed to remove the defaming and infringing content and then blocked Valerie McGilvrey only partially removing as per the agreement.

25. Plaintiff, Eric Neal has twice taped demand letters using blue painters tape to Valerie McGilvrey's front door instead of using the United States Postal Service in an effort to embarrass and humiliate the Defendant as this is how eviction notices are placed on doors.

## E. Prayer for Relief

WHEREFORE, Defendant-Counter-Claimant respectfully requests that this Court enter judgment in her favor and against Plaintiff-Counter-Defendant, and award:

a. Statutory and actual damages for copyright infringement, including treble damages under 17 U.S.C. § 504(c).

b. Compensatory damages for violation of the Wiretap Act and invasion of privacy.

c. A permanent injunction enjoining Plaintiff from reproducing, distributing, or otherwise using any of Defendant's audio recordings or personal information.

d. Attorneys' fees and costs pursuant to 17 U.S.C. § 505 and any applicable state law.

e. Pre- and post-judgment interest as allowed by law.

f. Such other and further relief as the Court deems just and proper.

IV. PRAYER

Defendant-Counter-Claimant respectfully prays that this Court:

1.  Dismiss Plaintiff's original complaint with prejudice.

2.  Enter judgment in the amount of $500,000. on the counterclaims as set forth above.

3.  Award damages, injunctive relief, attorneys' fees, and costs.

4.  Grant such other relief as may be appropriate.

V. DEMAND FOR JURY TRIAL

Defendant-Counter-Claimant demands a trial by jury on all issues so triable.

VI. CERTIFICATE OF SERVICE

I hereby certify that on October 13, 2025 I filed the foregoing document with the Clerk of the Court and served a true copy on Plaintiff-Counter-Defendant Eric Neal at 188 Boston St, Middleton, MA 02125, via first-class mail, postage prepaid, and through the Court's CM/ECF system.

---

Valerie McGilvrey, Pro Se
12100 Melville Dr #804
Montgomery, TX 77356
(281) 671-4707
valerie.good@protonmail.com


Citations

- The pleading standards applied herein are consistent with *Cain v. Valmy*, 216 F. Supp. 3d 328 (S.D.N.Y. 2016) [Cain v. Christine Valmy International School of Esthetics, Skin Care, & Makeup].

- The availability of a preliminary injunction in cyber-harassment contexts is discussed in *Brown v. Tokpah*, 2021 WL 5315388 (E.D. La.) [Brown V. Tokpah].

- The elements of federal cyber-stalking and the applicability of § 2261A are analyzed in *United States v. Sayer*, 748 F.3d 425 (1st Cir. 2014) [United States v. Sayer]; *United States v. Moreland*, 207 F. Supp. 3d 1222 (N.D. OK. 2016) [United States v. Moreland].

*All statutory citations are to the United States Code as presently codified.*


ANSWER TO COMPLAINT

Defendant Valerie McGilvrey ("Defendant"), acting *pro se*, hereby answers the Complaint filed by Plaintiff Eric Neal ("Plaintiff") as follows:

RESPONSES TO ALLEGATIONS

Defendant responds to the numbered paragraphs of Plaintiff's Complaint as follows:

1. Defendant neither admits nor denies.

2. Defendant denies the allegations.

3. Defendant denies the allegations.

4. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's residence and business operations, and therefore denies the same.

5. Defendant admits she is a resident of Montgomery, Texas.

6. Defendant denies that this Court has jurisdiction over her and that the amount in controversy exceeds $75,000.

7. Defendant denies that venue is proper in this district.

   7.5 Defendant admits knowing Plaintiff since about 2019 when he created a video using her real identity to search her history in the county where she lived and posted it on YouTube and various social media.

8. Defendant denies the allegations.

9. Defendant denies the allegations. The allegations in Paragraph 9 consist of screenshots of social media posts. The posts speak for themselves. To the extent the allegations mischaracterize the posts, they are denied.

10. The allegations in Paragraph 10 consist of screenshots of social media posts. The posts speak for themselves. To the extent the allegations mischaracterize the posts, they are denied.

11. The allegations in Paragraph 11 consist of screenshots of social media posts. The posts speak for themselves. To the extent the allegations mischaracterize the posts, they are denied.

12. Defendant neither affirms nor denies the allegation.

13. Defendant affirms that she has control over http://x.com/the_skiptracer, and denies the remaining allegations. Defendant is also known as "The Skip Tracer" and a "Skip Tracer."

14. Defendant denies the allegation, admits that the Plaintiff taped a demand letter to her front door using blue painters tape to remove his private message to her telling her that he will be happy when she kills herself.

15. Defendant denies the allegation.

COUNT I – DEFAMATION PER SE

16. Defendant incorporates her responses to Paragraphs 1-15 as if fully set forth herein.

17. Defendant denies the allegations in Paragraph 17.

18. Defendant denies the allegations in Paragraph 18.

19. Defendant denies the allegations in Paragraph 19.

COUNT II – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (IIED)

20. Defendant incorporates her responses to Paragraphs 1-19 as if fully set forth herein.

21. Defendant denies the allegations in Paragraph 21.

22. Defendant denies the allegations in Paragraph 22.

23. Defendant denies the allegations in Paragraph 23.

24. Defendant denies the allegations in Paragraph 24.

25. Defendant denies the allegations in Paragraph 25.

26. Defendant denies the allegations in Paragraph 26.

AFFIRMATIVE DEFENSES

Defendant asserts the following affirmative defenses without assuming the burden of proof where it would otherwise rest with Plaintiff.

First Affirmative Defense Plaintiff's Complaint fails to state a claim upon which relief can be granted.

Second Affirmative Defense The statements alleged in the Complaint are substantially true.

Third Affirmative Defense The statements alleged in the Complaint constitute non-actionable expressions of opinion, rhetoric, or hyperbole, rather than statements of fact.

Fourth Affirmative Defense To the extent Plaintiff is a public figure or a limited-purpose public figure, he cannot prove by clear and convincing evidence that the alleged statements were made with actual malice—that is, with knowledge of their falsity or with reckless disregard for the truth.

Fifth Affirmative Defense The alleged statements are protected by one or more conditional or absolute privileges.

Sixth Affirmative Defense Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

Seventh Affirmative Defense Plaintiff's claims are barred, in whole or in part, by the doctrine of consent, as Plaintiff voluntarily engaged in public discourse on the matters at issue.

Eighth Affirmative Defense This Court lacks personal jurisdiction over the Defendant.

Ninth Affirmative Defense Venue in this judicial district is improper.

Tenth Affirmative Defense Defendant reserves the right to assert additional affirmative defenses as they may become known through discovery and further investigation.

PRAYER FOR RELIEF

WHEREFORE, Defendant Valerie McGilvrey respectfully requests that the Court:

A. Dismiss Plaintiff's Complaint in its entirety with prejudice;
B. Award Defendant her costs, expenses, and reasonable attorney's fees incurred in defending this action; and
C. Grant such other and further relief as the Court deems just and proper.

DEMAND FOR JURY TRIAL

Defendant demands a trial by jury on all issues so triable.


Date: October 8, 2025

Respectfully submitted,


/s/ Valerie McGilvrey          October 16, 2025

Valerie McGilvrey
Pro Se

12100 Melville Dr #804
Montgomery, Texas 77356

281-671-4707
Valerie.good@protonmail.com


CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of October, 2025, I filed foregoing document with the Clerk of the Court using the United States Postal Service, and mailed a copy to the Plaintiff, Eric Neal at 188 Boston St, Middleton, MA 01949.


/s/ Valerie McGilvrey                October 16, 2025
Valerie McGilvrey