**UNITED STATES DISTRICT COURT**

**DISTRICT OF MASSACHUSETTS**

ERIC NEAL, Plaintiff,

v.  Civil Action No. 1:25-cv-11777-IT

VALERIE MCGILVREY,

Defendant.

### DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S UNAUTHORIZED SUR-REPLY

Defendant Valerie McGilvrey, proceeding pro se, respectfully moves this Court to strike Plaintiff's filing titled "Plaintiff's Reply in Further Support of His Opposition to Defendant's Motion to Dismiss for Lack of Personal Jurisdiction" (ECF No. 43), which Plaintiff improperly filed as a second reply brief. This filing is an unauthorized sur-reply submitted without leave of Court and should be stricken.

### I. LEGAL STANDARD

**The requirement to obtain permission before filing a sur-reply is explicitly mandated by the Local Rules for the District of Massachusetts. Local Rule 7.1(b)(3) states unequivocally:**

***"No sur-reply memorandum shall be filed without leave of court."***

This rule ensures the orderly and efficient resolution of motions by bringing briefing to a close, preventing an endless series of back-and-forth filings. Filing a sur-reply without leave of court is a clear procedural violation, and the document is subject to being stricken.

1

**II. ARGUMENT**

A. Plaintiff's Sur-Reply is Procedurally Improper and Was Filed Without Leave.

Plaintiff's sur-reply (ECF No. 43) was filed without seeking or obtaining leave from this Court. The briefing on Defendant's Motion to Dismiss was complete. Plaintiff's unauthorized filing is an improper attempt to extend the briefing schedule and secure the final word.

B. The Sur-Reply Improperly Introduces New, Misleading, and Prejudicial Accusations.

Plaintiff uses the unauthorized sur-reply as a vehicle to introduce new and misleading accusations to fabricate a basis for personal jurisdiction. For example, Plaintiff presents communications with Ms. Maura Buser as his primary evidence that Defendant purposefully directed conduct at Massachusetts. This is a gross mischaracterization of the facts.

It was Ms. Buser who initiated contact with the Defendant via email after finding her on a professional networking site. (**See Exhibit A**). Furthermore, at the time of their communication, **Defendant had no knowledge of Ms. Buser's physical location.** She was simply an individual on the internet who connected with the Defendant as another person who had been harassed by the Plaintiff, Eric Neal.

The communication was about their shared experiences, not an attempt by the Defendant to target Massachusetts or its residents. Plaintiff's selective presentation of these facts, while omitting the crucial context that Ms. Buser initiated contact and that her location was unknown to the Defendant, is a clear and bad-faith attempt to mislead the Court.

C. Plaintiff's Arguments are Hypocritical and Contradicted by This Court's Own Rulings.

Plaintiff accuses the Defendant of "passive online commentary" while conveniently ignoring this Court's prior rulings on this very issue. On **January 22, 2026**, this Court

2

denied Defendant's motion for a temporary restraining order, which sought to stop Plaintiff's own campaign of online harassment against the Defendant. In doing so, the Court recognized the Plaintiff's First Amendment rights. The same standard must apply to the Defendant. Plaintiff cannot claim freedom of speech for himself while seeking to silence the Defendant for her own protected speech.

Furthermore, Plaintiff's attempt to paint himself as a victim of harassment is directly contradicted by his documented history. On December 5, 2025, a Harassment Prevention Order was issued against Plaintiff Eric Neal in *Erin Dempsey v. Eric Neal* (Haverhill Dist. Ct. No. 2538RO000628). That order, which remains in effect, was issued after a judge found Plaintiff had engaged in harassing conduct. Plaintiff's attempt to re-litigate the facts of that matter in his sur-reply is a bad-faith effort to manipulate the record.

## III. CONCLUSION

For the foregoing reasons, Defendant Valerie McGilvrey respectfully requests that the Court **STRIKE** Plaintiff's unauthorized sur-reply (ECF No. 43) in its entirety.

Dated: February 23, 2026

Respectfully submitted,

/s/ Valerie McGilvrey

**Valerie McGilvrey, Pro Se**

12100 Melville Dr #804

Montgomery, TX 77356

(281) 671-4707

valerie.good@protonmail.com

**CERTIFICATE OF SERVICE**

3

I hereby certify that on this 23rd day of February, 2026, a true and correct copy of the foregoing motion was served upon the Plaintiff through the Court's CM/ECF system.


/s/ Valerie McGilvrey

(1 607) All mail | srebbugs@protonmail.com | 6 Proton Mail

# Question

| From | Maura Buser <maurabuser@gmail.com> |
| --- | --- |
| To | valerie@mcgilvrey.com |
| Date | Saturday, June 28th, 2025 at 6:48 PM |

Hi Valerie,

I found your email on LinkedIn. I received a follow request from you on IG and was curious if you sent it or were hacked.

-Maura
Sent from my iPhone